CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
RHL
JUL 0 8 2008
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RONNIE A. VAUGHAN,<br>    Plaintiff, | Civil Action No. 7:08cv00381 |
| v. | MEMORANDUM OPINION |
| C.O. WATTS,<br>    Defendant. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff Ronnie A. Vaughan, Virginia inmate number 280421, has filed this pro se action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Plaintiff, an inmate at Dillwyn Correctional Center ("Dillwyn") in Dillwyn, Virginia, alleges that Correctional Officer Watts, an employee at Augusta Correctional Center ("Augusta") in Craigsville, Virginia, directed a racial epithet at him. As relief, plaintiff requests an "administrative release" from incarceration. Upon review of the record, I conclude that plaintiff has not stated a claim upon which relief can be granted and, therefore, dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

The following facts have been adduced from plaintiff's complaint and the documents he has submitted in support thereof.

In his complaint, plaintiff states that, on September 12, 2007, Correctional Officer Watts "aggressively followed me out of personal property and called me a nigger." Plaintiff explains that he is "black and CO Watts is white." Plaintiff has submitted two statements from fellow inmates. One of the statements asserts that the declarant "saw and heard an officer of [Augusta] running and loudly calling an inmate <u>Nigger</u>." The other statement reports the following: "On 9-12-07, at approx.

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

9:00 AM, while waiting in the commissary line at Augusta Correctional Ctr., I witnessed c/o Watts burst out of the personal property door and state 'what, nigger what' to inmate R. Vaughn [sic]."

On September 12, 2007, plaintiff filed an emergency grievance, stating (verbatim quote): "At 9:00am outside of property CO Watts called me a nigger. I need this on file as part of my (exhausting your resources.), for my informal complaint grievance and 1983 form." Plaintiff was informed that the matter would be investigated. On September 14, 2007, Plaintiff filed an informal complaint regarding the alleged incident, stating that Officer Watts "aggressively followed me out of personal property and called me a nigger" and that "I should not be disrespected. . . ." In plaintiff's view, Officer Watts "was very unprofessional and it was no reason to express his personal feelings towards me. I would like an answer back ASAP and any information on how to send witness statements." The staff response, dated September 20, 2007, indicated that Officer Watts "was interviewed and denied making any racial statements." On October 11, 2007, plaintiff filed a request form at Dillwyn, requesting to speak with a staff member "about a situation I had at the other compound that I was on and what step I should take next." Plaintiff received a reply indicating that the Dillwyn staff member had contacted the grievance coordinator at Augusta and that Augusta had no regular grievances logged for plaintiff.[2]

---

[2] Plaintiff is advised that 42 U.S.C. § 1997e(a) requires exhaustion of all available administrative remedies as a precondition to the filing of a prisoner's civil rights action; thus, a plaintiff who filed his lawsuit before exhausting administrative remedies cannot satisfy the § 1997e(a) requirement, even if he later demonstrates that he filed a grievance and appealed it to the highest extent of the prison's grievance procedure after commencing the lawsuit. See Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) (holding that an inmate complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit). A plaintiff must properly and fully exhaust all available administrative remedies before filing a complaint pursuant to 42 U.S.C. § 1983. Woodford v. Ngo, 548 U.S. 81, __, 126 S. Ct. 2378, 2385-86 (2006). It is unclear whether plaintiff has fully exhausted all available administrative remedies to the highest level of appeal; regardless, the court need not determine whether he has properly exhausted all available

(continued...)

2

Construing the complaint liberally, the most plaintiff alleges is that Officer Watts spoke abusively to him by using a racial epithet.[3] Verbal abuse and harassment, without more, does not state a constitutional claim. The constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). A guard's verbal harassment or idle threats to an inmate, even if they cause an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. See Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate a constitutional right); Keyes v. City of Albany, 594 F. Supp. 1147 (N.D. N.Y. 1984) ("the use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a 1983 claim"); Lamar v. Steele, 698 F.2d 1286 (5th Cir. 1983) (observing that "[t]hreats alone are not enough" and that "[a] section 1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation"); Collins v. Cundy, 603 F.2d 825, 828 (10th Cir. 1979) (holding that the Sheriff's actions in laughing at and threatening to hang the plaintiff were not sufficient to show the deprivation of a constitutional right). The law is clear that mere "threatening language and gestures of [a] penal officer do not, even if true, constitute constitutional violations." Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973).[4]

---

[2](...continued)
administrative remedies because it is clear that his complaint fails to state a claim upon which relief may be granted.

[3] Significantly, plaintiff does not allege any physical contact or even the threat of force.

[4] See also Thomas v. Kincaid, Civil Action No. 03-941-AM, 2004 WL 3321472 (E.D. Va. June 30, 2004) (finding that Caucasian Trooper's statement, "Come here you piece of shit," to African-American defendant was insufficient to support a claim of racial discrimination); Felton v. Chupik, Civil Action No. 00-CV-1889, 2002 WL 32344335 (E.D. Va. Aug. 21, 2002) (finding that the comment, "I think you broke that nigger's neck," was insufficient to support a claim of racial discrimination against a police officer)

3

Accordingly, this complaint must be dismissed pursuant to 28 U.S.C. §1915A(b)(1), for failure to state a claim upon which relief may be granted.[5, 6]

To the extent plaintiff believes the instant complaint may have stated a claim under state law, the court declines, pursuant to 28 U.S.C. § 1367(c), to exercise supplemental jurisdiction over any state law claim.

Plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal

---

[5] Construing plaintiff's requested relief as a plea seeking injunctive relief, a district court should issue preliminary injunctive relief only sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendants if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether the public interest lies with granting the relief. Wetzel v. Edwards, 635 F.2d 283, 286-87 (4th Cir. 1980) (citing Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977)). Functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). Given that plaintiff's allegations do not state any constitutional claim, plaintiff has not established a likelihood that he will eventually succeed on the merits or that the public interest lies with granting the relief. Plaintiff has not alleged facts indicating that he will suffer immediate and irreparable harm in the absence of interlocutory injunctive relief of some kind. Accordingly, plaintiff's request for injunctive relief does not satisfy the "balance of hardships" test, and must be denied.

Insofar as plaintiff's request for injunctive relief could be construed as a request for a temporary restraining order, such orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Fed. R. Civ. P. 65(b). Such an order would be effective only until such time as a hearing on a preliminary injunction could be arranged. As it is clear at this juncture that plaintiff has stated no claim of constitutional significance, and is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

[6] Federal law provides that a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee if the prisoner has brought, on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. See 28 U.S.C. §1915(g). Plaintiff is hereby advised that this dismissal constitutes his third "strike" under §1915(g). See Vaughan v. Powell, et al., Civil Action No. 1:03-cv-00898 (E.D. Va. January 24, 2005) (dismissed pursuant to 28 U.S.C. §1915A(b)(1)); Vaughan v. 12:00 am - 7:00 am, Civil Action No. 1:00-cv-00364 (E.D. Va. August 8, 2000) (dismissed pursuant to 28 U.S.C. §1915A(b)(1)).

Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk of the Court is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff.

**ENTER**: This 8th day of July, 2008.

*Senior United States District Judge*

5

Case 7:08-cv-00381-JLK-mfu   Document 4   Filed 07/08/08   Page 5 of 5   Pageid#: 20